The Honorable Richard A. Jones

13-CR-00064-CLM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.   CR13-64RAJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLEA AGREEMENT |
| | ) | |
| JEANINE DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Michael Dion and Catherine L. Crisham, Assistant United States Attorneys for said District, and Defendant JEANINE DANIELS, and her attorney, Michael Iaria, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.      Waiver of Indictment.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information ("Information").

2.      Waiver of Venue. Defendant understands that the charge in Count One involves robberies committed outside of the Western District of Washington. Defendant understands that, by entering into this Plea Agreement, she is waiving whatever arguments she might have that the Western District of Washington is an improper venue for this charge.

3.  The Charges.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Indictment: Aiding and Abetting Bank Robbery, as charged in Counts One and Two, in violation of Title 18, United States Code, Sections 2113(a) and 2.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering her pleas of guilty, Defendant will be placed under oath.  Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

4.  Elements of the Offense.

The elements of the offense of Aiding and Abetting Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2, as charged in Counts One and Two, are as follows:

First, the crime of Bank Robbery was committed by someone;

Second, the Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person or persons to commit each element of the crime of Bank Robbery; and

Third, the Defendant acted before the crime of Bank Robbery was completed.

The elements of the offense of Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2, are as follows:

First, that a person took money belonging to a bank or credit union;

Second, the person used force and violence, or intimidation, in doing so; and

Third, the deposits of the bank were then insured by the Federal Deposit Insurance Corporation.

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 2

5.    The Penalties.

Defendant understands that the statutory penalties for the offense of Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2, as charged in Counts One and Two, are as follows: a term of imprisonment for up to twenty (20) years, a fine of up to two hundred and fifty thousand dollars ($250,000), a period of supervision following release from prison of up to three years, and a one hundred dollar ($100) special assessment. If Defendant receives a sentence of probation, the probationary period could be up to five years.

Defendant agrees that the special assessments shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which she will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and she violates one or more of its conditions, she could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order her to pay restitution to any victim of the offense, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

6.    Rights Waived by Pleading Guilty.  Defendant understands that by pleading guilty, she knowingly and voluntarily waives the following rights:

a.    The right to plead not guilty and to persist in a plea of not guilty;

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1          b.     The right to a speedy and public trial before a jury of her peers;

2          c.     The right to the effective assistance of counsel at trial, including, if

3 Defendant could not afford an attorney, the right to have the Court appoint one for

4 Defendant;

5          d.     The right to be presumed innocent until guilt has been established

6 beyond a reasonable doubt at trial;

7          e.     The right to confront and cross-examine witnesses against Defendant

8 at trial;

9          f.     The right to compel or subpoena witnesses to appear on her behalf at

10 trial;

11          g.     The right to testify or to remain silent at trial, at which trial such

12 silence could not be used against Defendant; and

13          h.     The right to appeal a finding of guilt or any pretrial rulings.

14     7.     <u>United States Sentencing Guidelines</u>.  Defendant understands and

15 acknowledges that, at sentencing, the Court must consider the sentencing range calculated

16 under the United States Sentencing Guidelines, together with the other factors set forth in

17 Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances

18 of the offense; (2) the history and characteristics of the defendant; (3) the need for the

19 sentence to reflect the seriousness of the offense, to promote respect for the law, and to

20 provide just punishment for the offense; (4) the need for the sentence to afford adequate

21 deterrence to criminal conduct; (5) the need for the sentence to protect the public from

22 further crimes of the defendant; (6) the need to provide the defendant with educational and

23 vocational training, medical care, or other correctional treatment in the most effective

24 manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims;

25 and (9) the need to avoid unwarranted sentence disparity among defendants involved in

26 similar conduct who have similar records.  Accordingly, Defendant understands and

27 acknowledges that:

28

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1         a.     The Court will determine her applicable Sentencing Guidelines range

2 at the time of sentencing;

3         b.     After consideration of the Sentencing Guidelines and the factors in

4 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

5 maximum term authorized by law;

6         c.     The Court is not bound by any recommendation regarding the

7 sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

8 range offered by the parties or the United States Probation Department, or by any

9 stipulations or agreements between the parties in this Plea Agreement; and

10         d.     Defendant may not withdraw a guilty plea solely because of the

11 sentence imposed by the Court.

12    8.    <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or

13 guaranteed what sentence the Court will impose.

14    9.    <u>Restitution</u>. Defendant agrees to make restitution as ordered by the Court.

15 The parties agree that Defendant owes restitution in the following amounts to the

16 following victims:

| <u>Victim</u> | <u>Amount of Restitution Owed</u> |
|---|---|
| Flagstar Bank | $26,800 |
| Wells Fargo Bank | $31,517 |

21    In addition, Defendant recognizes that she may owe additional restitution based on

22 additional information learned by the government. Defendant further agrees and

23 acknowledges that the Court is not limited to ordering restitution only to the amount of the

24 particular offense to which the Defendant is entering a plea of guilty, but may also order

25 restitution to include all amounts resulting from all of the Defendant's conduct related to

26 this case. The exact amount will be determined by the Court at the time of sentencing.

27 Restitution shall be due and payable immediately and shall be paid in accordance with a

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  schedule of payments as set by the United States Probation Office and ordered by the
2  Court.

3      10.    Statement of Facts. The parties agree on the following facts. Defendant
4  admits she is guilty of the charged offenses.

5          a.    Both of the banks mentioned below were insured by the Federal
6  Deposit Insurance Corporation at the times when they were robbed.

7          b.    On June 30, 2012, Defendant aided and abetted others in robbing the
8  Flagstar Bank at 2001 Commonwealth Avenue in Ann Arbor, Michigan. The others
9  entered and robbed the bank by using intimidation and demanding money from the bank
10 employees. The others fled with $26,800. ~~The others met with Defendant, who aided~~
11 ~~their getaway by driving them away in a rental car.~~ Defendant had known about the
   aided and abetted the robbery by arranging for a "safehouse"
12 robbery in advance and ~~had agreed to drive the rental car with the intention of assisting the~~
   for the robbers to stay while planning the robbery and to which to escape
13 ~~robbers.~~ after the robbery.

14         c.    On December 20, 2012, Defendant aided and abetted others in
15 robbing the Wells Fargo Bank located at 6615 132nd Avenue NE in Kirkland,
16 Washington. The others entered and robbed the bank by using intimidation and
17 demanding money from the bank employees. The others fled with $31,517. The others
18 drove the others away from the Bank in a stolen getaway car. The others met with
19 Defendant and abandoned the stolen getaway car. Defendant aided the others in
20 continuing their getaway by driving them away in a rental car. Defendant had known
21 about the robbery in advance and had agreed to drive the rental car with the intention of
22 assisting the robbers.

23     11.    Agreement Regarding Government's Sentencing Recommendation. The
24 Government agrees to recommend a total sentence of imprisonment that is not greater than
25 80 months. Defendant understands and acknowledges that the Government's
26 recommendation is not binding on the Court, and that the Court is free to impose any
27 sentence up to and including the statutory maximum. Defendant understands and
28

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   acknowledges that the Government is free to recommend whatever it feels is appropriate
2   with respect to all other aspects of the sentence.

3         12.   Supervised Release Violation.   As part of this Plea Agreement, Defendant
4   acknowledges that by committing the crimes of Aiding and Abetting Bank Robbery, as
5   charged in Counts One and Two of the Superseding Information, in violation of Title 18,
6   United States Code, Sections 2113(a) and 2, she has violated the terms of her supervised
7   release in case number 08CR276 in the District of Colorado.

8         In the event that a disposition hearing on this supervised release violation is held,
9   the government agrees to recommend that the sentence imposed in the instant case run
10   concurrently with any sentence that may be imposed for Defendant's violation of her
11   supervised release.  Defendant understands and acknowledges that the Court is not bound
12   by the parties' Plea Agreement to impose a concurrent sentence, and may impose any
13   sentence authorized by law with regards to the supervised release violation.

14         13.   Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the
15   United States Attorney's Offices for the Western District of Washington, the District of
16   Colorado, the Eastern District of Michigan, and the Northern District of Ohio agree not to
17   prosecute Defendant for any additional offenses known to them as of the time of this
18   Agreement that are based upon evidence in its possession at this time, or that arise out of
19   the conduct giving rise to this investigation.

20         In this regard, Defendant recognizes that the United States Attorney's Offices for
21   the Western District of Washington, the Eastern District of Michigan, and the Northern
22   District of Ohio have agreed not to prosecute all of the criminal charges the evidence
23   establishes were committed by Defendant solely because of the promises made by
24   Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing
25   the Presentence Report, the United States Attorney's Office for the Western District of
26   Washington, the United States Attorney's Office for the Eastern District of Michigan, the
27   United States Attorney's Office for the Northern District of Ohio, will provide the United
28   States Probation Office with evidence of all conduct committed by Defendant.

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   Defendant agrees and acknowledges that any charges to be dismissed before or at
2   the time of sentencing were substantially justified in light of the evidence available to the
3   United States, were not vexatious, frivolous or taken in bad faith, and do not provide
4   Defendant with a basis for any future claims under the "Hyde Amendment,"
5   Pub. L. No. 105-119 (1997).

6   14.   Acceptance of Responsibility.  The United States acknowledges that if
7   Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG
8   § 3E1.1(a), and if the offense level is sixteen (16) or greater, her total offense level should
9   be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant
10  has assisted the United States by timely notifying the authorities of her intention to plead
11  guilty, thereby permitting the United States to avoid preparing for trial and permitting the
12  Court to allocate its resources efficiently.

13  15.   Breach, Waiver, and Post-Plea Conduct.  Defendant agrees that if she
14  breaches this Plea Agreement, the United States may withdraw from this Plea Agreement
15  and Defendant may be prosecuted for all offenses for which the United States has
16  evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify
17  this Plea Agreement, including the filing of a motion to withdraw from the Plea
18  Agreement.  Defendant also agrees that if she is in breach of this Plea Agreement,
19  Defendant has waived any objection to the reinstitution of any charges in the Indictment
20  that were previously dismissed or any additional charges that had not been prosecuted.

21  Defendant further understands that if, after the date of this Agreement, she should
22  engage in illegal conduct, or conduct that is in violation of her conditions of release or
23  confinement (examples of which include, but are not limited to: obstruction of justice,
24  failure to appear for a court proceeding, criminal conduct while pending sentencing, and
25  false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer
26  or Court), the United States is free under this Agreement to file additional charges against
27  Defendant or to seek a sentence that takes such conduct into consideration.  Such a
28

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  sentence could include a sentencing enhancement under the United States Sentencing
2  Guidelines or an upward departure from the applicable sentencing guidelines range.

3      16.    Voluntariness of Plea.  Defendant agrees that she has entered into this Plea
4  Agreement freely and voluntarily, and that no threats or promises, other than the promises
5  contained in this Plea Agreement, were made to induce Defendant to enter this plea of
6  guilty.

7      17.    Statute of Limitations.  In the event this Agreement is not accepted by the
8  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,
9  the statute of limitations shall be deemed to have been tolled from the date of the Plea
10 Agreement to:  (1) 30 days following the date of non-acceptance of the Plea Agreement by
11 the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by
12 Defendant is discovered by the United States Attorney's Office.

13     18.    Completeness of Agreement.  The United States and Defendant
14 acknowledge that these terms constitute the entire Plea Agreement between the parties.
15 This Agreement binds only United States Attorney's Office for the Western District of
16 Washington, the United States Attorney's Office for the Northern District of Ohio, the
17 United States Attorney's Office for the District of Colorado, and the United States
18 Attorney's Office for the Eastern District of Michigan.  It does not bind any other United
19 States Attorney's Office or any other office or agency of the United States, or any state or
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   local prosecutor.

2       Dated this **23** day of _September_, 2013.

3

4

5       JEANINE DANIELS
        Defendant

6

7

8       MICHAEL IARIA
        Attorney for Defendant

9

10

11      TODD GREENBERG
        Assistant United States Attorney

12

13

14      MICHAEL DION
        Assistant United States Attorney

15

16

17      CATHERINE L. CRISHAM
        Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT
*United States v. Daniels*, CR13-64RAJ - 10